ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC.
118 W STOCKER ST
GLENDALE, CA 91202
818-532-9339
818-394-6452
EMAIL: DISPUTES@OMNIALEGAL.ORG

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOHAR CHESHMEJYAN<br><br>       **Plaintiff**,<br><br>  vs.<br><br>BANK OF AMERICA<br><br>       **Defendant**. | Case No.: CV11-08336 PSG (SSx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**<br><br>Date: March 19, 2012<br>Time: 1:30 pm<br>Courtroom: 880<br>Judge: Hon. Philip S. Gutierrez |

COMES NOW the Plaintiff, GOHAR CHESHMEJYAN ("Plaintiff"), by and through her undersigned counsel, and requests this Honorable Court to deny Defendant's, BANK OF AMERICA's ("Defendant" or "BANA"), Motion to Dismiss her First Amended Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

      **I.**      **The Applicable Standard On A Motion to Dismiss**

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones,* 319 F. 3d 483, 494 (9th Cir. 2003). Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint may be dismissed as a matter of law pursuant to Federal Rule of Civil Procedure §12(b)(6) for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. See Conley v. Gibson (1957) 355 U.S.41, 45-46; Balistreri v. Pacific Police Dep't (9th Cir. 1990) 901 F.2d 696, 699. For purposes of a motion to dismiss, all

allegations of material facts in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Parks Sch. Of Bus., Inc. v. Symington* (9th Cir. 1995) 51 F.3d 1480, 1484; *Clegg v. Cult Awareness Network* (9th Cir. 1994) 18 F.3d 752, 754.

While factual allegations must assert "more than labels and conclusions [or] a formulaic recitation of the elements[,]" and must "raise a right to relief above the speculative level[,]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007), such "material allegations... are accepted as true, as well as all reasonable inferences to be drawn from them." *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 338 (9th Cir. 1996); *see* also *Twombly,* 127 S. Ct. at 1965 (indicating that there is "an assumption that all the allegations in the [pleading] are true (even if doubtful in fact)"). Rule 8 provides at subparagraph (d)(1), "Each allegation must be simple, concise, and direct. No technical form is required." Subparagraph (e) adds that "Pleadings must be construed so as to do justice."

In considering a motion to dismiss, a district court should ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly,* 127 S. Ct. at 1969. Ultimately, the allegations contained in the pleading "should be construed favorably to the pleader." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir. 1978). Generally, Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961). Specifically, "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Develop. Corp.* 108 F3d 246, 249 (9th Cir. 1997). Dismissal under 12(b)(6) is proper only under "extraordinary" cases. *United States v. Redwood City* 640 F. 2d 963, 966 (9th Cir. 1981). Leave to amend must be granted unless it is clear that amendments cannot cure the complaint's deficiencies. Lucas v. Dep't of Corr. (9th Cir. 1995) 66 F.3d 245, 248.

## II.     Plaintiff Has Properly Alleged Violations of the RESPA

Defendant discusses throughout its motion that Plaintiff's complaint fails to allege any facts showing Defendant's obligation to respond to her Qualified Written Request ("QWR").

Defendant in its motion further claims that Plaintiff failed to state a claim under § 2605 of RESPA because she fails to allege pecuniary loss. However, Plaintiff did describe in her FAC

how Defendant's violations of RESPA, specifically with respect to its failure to acknowledge and respond to Plaintiff's QWR timely and adequately, and its failure to cease credit reporting of the accounts until responding to Plaintiff's request account for statutory and actual damages sustained by Plaintiff, including but not limited to loss of financing and out of pocket costs.

12 U.S.C. §2605(e)(1)(B) defines a Qualified Written Request shortly and precisely as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." While Plaintiff did not cite this definition in her First Amended Complaint (FAC), she did state in factual allegations that her correspondence to Defendant was sent as a Qualified Written Request pursuant to Real Estate Settlement Procedures Act at 12 U.S.C. §2605(e), implying that her correspondence to Defendant met the requirements to constitute a QWR by being in a written letter form and including the Plaintiff's name and account numbers and a statement of her reason(s) of belief why the accounts are in error. Contrary to Defendant's allegations, Plaintiff's FAC further identifies that her concerns and requests for information relate to the accounting and servicing of the loans. Evidentiary support for Plaintiff's claims, including a copy her QWR are to be presented at time of trial. Insufficient detail and description in Plaintiff's FAC, if necessary, can also be cured by amendment and should not be reason to dismiss Plaintiff's otherwise valid claim.

### III.     Plaintiff Has Properly Alleged Violations of the FCRA
#### A.     FCRA Generally.

Plaintiff's second claim cites the Fair Credit Reporting Act ("FCRA") 15 U.S.C. Section 1681, et seq., which sets forth the obligations of credit reporting agencies, creditors/lenders and collection agencies as furnishers and/or users of consumer credit information, with regards to maintaining fairness and accuracy in credit reporting. The FCRA was enacted to protect consumers from inaccurate credit reporting practices and is supposed to receive a liberal construction in favor of consumers, not in favor of the credit and credit reporting industries.

### B. The Allegations Regarding Violations Of The FCRA Are Sufficient.

Pursuant to Federal Rules of Civil Procedure 12(b)(6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b)(6), the court must treat the facts alleged in the complaint as admitted. *Ward v Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 1833 (1989). Plaintiff's allegations must be treated and presumed as true and correct in all respects and Plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S. Ct. 2490 (1977). If admitted and taken as true, the allegations of the Plaintiff's complaint do state claims upon which relief can be granted.

A credit issuer's "ability to report on the credit habits of its customers is a powerful tool designed, in part, to wrench compliance with payment terms from its cardholder." Thus, a creditor's "refusal to correct mistaken information can only be seen as an attempt to tighten the screws on a non-paying customer." *Miranda-Riviera v. Bank One*, 145 F.R.D. 614, 1993 W.L. 30681 (U.S.D.C. Puerto Rico 1993). An erroneous or careless report serves no purpose but to substantially damage the target of the report, who after publication can do little to correct the damage caused by the report. *Bartels v. Retail Credit Co.*, 175 N.W.2d 292 (Neb. 1970).

### C. Plaintiff Has Stated a Valid Claim for Violation of the FCRA.

Defendant in its motion states that Plaintiff does not allege that Defendant was ever contacted by any of the CRAs to notify Defendant of the dispute. Plaintiff, however, does state in her FAC that on or about March 1, 2011, she submitted a dispute of inaccuracies relating to the loans to the CRAs, including Experian, Equifax and TransUnion, whereas she requested investigation and correction of the accounts reported by Defendant. Plaintiff, as a consumer, does not and cannot know the internal procedures conducted in case of disputes and how exactly Defendant was contacted by the CRAs concerning her dispute. However, because Plaintiff did initiate credit bureau disputes concerning Defendant's reporting with the CRAs

and the accounts were allegedly verified by Defendants according to CRA investigation results, it can be reasonably assumed and is implied in Plaintiff's FAC that Defendant was notified of the dispute, thereby triggering its obligation to investigate and respond to Plaintiff with appropriate verification or correction of the disputed information.

### D. Private Right Of Remedy Exists Under FCRA.

In its motion Defendant discusses that Plaintiff's claim centers on Defendant's obligations as a furnisher of information to CRA's, within 15 U.S.C. §1681S-2, which does not provide Plaintiff a Private Right of Action.

As in any matter of statutory interpretation, the inquiry begins (and often ends) "with the plain meaning of the statute's language." *See Botosan v. Paul McNally Realty*, __ F.3d __, 2000 WL 781015 at *3 (9th Cir. June 20, 2000) (citing *United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994)). Where, as here, Congress has clearly and expressly provided for a private right of action, no prior case law is even necessary.15 U.S.C. §§ 1681n, 1681o, expressly create private damage actions for, respectively, willful and negligent violations of the FCRA. In the parallel language of those sections,"*[a]ny person*" who fails "to comply with *any requirement* imposed under [the FCRA] *with respect to any consumer* is liable *to that consumer * * ** ." (Emphasis added.) Liability can only be imposed on the violator, after their failed compliance, through interference of the court; thereby these provisions of the FCRA, without any confusion, give consumers, such as the Plaintiff, the right to bring civil action for willful and/or negligent noncompliance with any provision of the FCRA.

In further support of the claim that Private Right of Action is established under the FCRA, the court in DiMezza v. First USA Bank, Inc. supra, by analyzing the pertinent statutory language, stated:

"[a]bsent any explicit limitation, the plain language of [Sections 616, 617, 623(b) and (c)] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. * * * Accordingly, the plain language of the Fair Credit Reporting Act compels the conclusion that there is a private right of action for consumers to enforce the investigation and reporting duties imposed on furnishers of information."

Gorman v. Wolpoff & Abramson, LLP, 584 F. 3d 1147 (9th Cir. 2009) also supports Plaintiff's right to a Private Cause of Action, as stated in Plaintiff's FAC, since Plaintiff submitted a credit bureau dispute of the information furnished by Defendant with the CRAs on or about March 1, 2011 and sent a correspondence to Defendant directly on or about March 28, 2011, addressing her dispute and requesting verification of the reported information.

### IV.     The Allegations Regarding Violations Of The CCRAA Are Sufficient.

The CCRAA, California Civil Code §1785.25-1785.26, regulates consumer credit reporting agencies as well as furnishers of information with respect to personal, credit and other financial information submitted and maintained in their credit file. CCRAA refrains furnishers of information from reporting information that they know or should have known was erroneous, and obligates furnishers to cease credit reporting of information disputed by consumers without notice of such dispute. CCRAA further provides consumers with the right to be informed of negative credit reporting and the right to dispute information in their credit reports, which they believe is incomplete and/or inaccurate.

In its motion Defendant argues that CCRAA does not provide private right of action for consumers against furnishers of information. Plaintiff, however, did quote in her FAC California Civil Code Section 1785.15(f)and Section 1785.31(a), which specifically allow consumers to bring civil action against furnishers for any violation under this title. In her FAC, Plaintiff further established a clear timeline of events and description of conducts of Defendant that violated her rights under CCRAA.

In its motion Defendant also argues that Plaintiff's claim for violation of the CCRAA is preempted by the FCRA. However, the courts have disagreed with notion that FCRA preempts state claims. *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may replead their FCRA claims as violations of the CCRAA and that the state claims are not preempted by FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars state law claims. See Sehl v. Safari Motor Coaches, Inc., 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); Harper v. TRW, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp.2d 335

(U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss. 1997); Hughes v. Fidelity Bank, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

### V. Declaratory Relief Is An Appropriate Remedy.

Plaintiff's claim for Declaratory Relief is not duplicative of her claims under FCRA and CCRAA. While Plaintiff's request for damages under the FCRA and CCRAA are equable reliefs, whether compensatory or punitive, Declaratory Relief is intended for the court to recognize Defendant's violation and to issue judgment ordering monetary reimbursement and injunction of inaccurate credit reporting of the accounts and information in dispute, which are appropriate remedies under the law provided the circumstances of the case.

### VI. Conclusion.

For all of the foregoing reasons, Plaintiff GOHAR CHESHMEJYAN, through her counsel on record, Arshak Bartoumian, respectfully requests that the Court deny the Motion to Dismiss. Should the Court be inclined to grant Defendant's motion, Plaintiff respectfully requests leave to amend. Federal Rule of Civil Procedure 15(a) expressly states leave to amend "shall be freely given when justice so requires." *Allen v. City of Beverly Hills,* 911 F. 2d 367, 373 (9th Cir. 1990). Plaintiff is capable to fill in any braced spaces now existing in the case.

Dated: March 8, 2012                                         Respectfully submitted,


                                                             By:  /s/ Arshak Bartoumian
                                                             ARSHAK BARTOUMIAN, Attorney for Plaintiff

**VERIFICATION**

I am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: March 8, 2012                                     By: /s/ Gorhar Cheshmejyan

                                                            GOHAR CHESHMEJYAN,
                                                            Plaintiff

OPPOSITON TO 12(b)(6)- 8