UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-8336 PSG (SSx) | Date | April 20, 2012 |
|---|---|---|---|
| Title | Gohar Cheshmejyan v. Bank of America | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING Motion to Dismiss

    Before the Court is Defendant's motion to dismiss.  Dkt. # 14.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the supporting and opposing papers, the Court GRANTS the motion to dismiss.

I.     Background

    Plaintiff Gohar Cheshmejyan ("Plaintiff") brings this suit against Defendant Bank of America ("Defendant") in relation to a purchase money mortgage (the "Loan") furnished by Defendant.  *FAC* ¶ 11.  Plaintiff alleges Defendant made accounting errors in connection with the Loan, and reported these inaccuracies to several credit reporting agencies ("CRAs") causing Plaintiff's credit score to suffer.  *FAC* ¶¶ 12-14.

    On January 3, 2011, Plaintiff discovered the inaccuracies in her Loan accounts.[1]  *FAC* ¶ 12.  On the same day, Plaintiff contacted Defendant with a "qualified written request" per the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), wherein she expressed a concern regarding the accounting and servicing of her Loan.  *FAC* ¶ 13.  Defendant failed to answer in a timely manner.  *FAC* ¶ 14.

---

[1] For purposes of this motion to dismiss, the Court accepts Plaintiff's allegations as true.  *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8336 PSG (SSx) | Date | April 20, 2012 |
|---|---|---|---|
| Title | Gohar Cheshmejyan v. Bank of America | | |

On February 28, Plaintiff sent a follow up notice to Defendant. *FAC* ¶ 15. On March 1, Plaintiff submitted a "dispute of inaccuracies" to several CRAs and she requested an investigation and correction of her accounts. *FAC* ¶ 16. On March 28, Plaintiff sent a second follow up request to Defendant, but unlike her previous attempts, Plaintiff specifically requested an investigation and correction of her accounts pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq. *FAC* ¶ 17. For almost a year, Plaintiff's requests went unanswered. *FAC* ¶ 20. Ultimately, Defendant did not correct the inaccuracies in Plaintiff's accounts, and, as a result, the inaccuracies are still reflected in Plaintiff's credit records. *FAC* ¶ 21.

On December 16, 2011, Plaintiff filed a three-count First Amended Complaint ("FAC") asserting causes of action for: (1) violation of the RESPA, 12 U.S.C. § 2605(e); (2) violation of the FCRA, 15 U.S.C. § 1681s-2(a); and (3) violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785, et seq. Defendant now moves to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. # 14.[2]

II.   <u>Legal Standard</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim for relief. *See id*.

---

[2] The motion to dismiss was set for hearing on March 19, 2012. Under Local Rule 7-9, the Opposition was due on February 27. Plaintiff filed the Opposition on March 11. Plaintiff did not seek leave to file late nor did plaintiff offer an explanation as to why Plaintiff submitted the Opposition thirteen days late. In the future, the Court will not consider such late pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8336 PSG (SSx) | Date | April 20, 2012 |
|---|---|---|---|
| Title | Gohar Cheshmejyan v. Bank of America | | |

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman*, 507 U.S. at 164. Based upon these allegations, the court must draw all possible inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

III. Discussion

    a. Real Estate Settlement Procedures Act

Plaintiff's First Cause of Action asserts violations of the RESPA based on: (1) Defendant's failure to provide a proper written response to Plaintiff's "qualified written request"; and (2) Defendant's failure to cease reporting negative credit information to CRAs while Plaintiff's qualified written request remained unresolved. *FAC* ¶ 24.[3]

The RESPA places a duty on loan servicers to respond to borrower inquiries relating to information about the borrower's loan. 12 U.S.C. § 2605(e). This duty is triggered when the servicer receives a qualified written request from a borrower. 12 U.S.C. § 2605(e)(1)(A). Under the RESPA, a qualified written request ("QWR") is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). Among other things, a QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). The statute defines "loan servicer" as a person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3). After receiving a QWR, a servicer must acknowledge its receipt within twenty days

---

[3] Plaintiff also argues that Defendant violated the RESPA by failing to provide Plaintiff with certain loan information booklets. *FAC* ¶ 24(b). Plaintiff cites to no authority in her FAC or Opposition that demonstrates this is a legal requirement. As such, the Court will not address this allegation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8336 PSG (SSx) | Date | April 20, 2012 |
|---|---|---|---|
| Title | Gohar Cheshmejyan v. Bank of America | | |

and respond to the inquiry within sixty days. 12 U.S.C. § 2605(e)(1), (2). In order to state a claim under the RESPA, a plaintiff must: (1) allege a breach of the RESPA duties; and (2) allege that the breach resulted in actual damages. *See Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010).

The RESPA claim is deficient because Plaintiff fails to allege facts showing that she submitted a proper QWR. As explained, a QWR must include a statement of the reasons why the borrower believes the account was in error. *See* 12 U.S.C. § 2605(1)(B)(ii). Plaintiff neither alleges that the purported QWR presented the reasons for error nor does Plaintiff state what the purported errors were in the FAC. *See FAC* ¶ 12 ("[T]hrough review of her records . . . Plaintiff found certain inaccuracies and concluded that accounting errors had occurred leading to the shortsale of her home."). Because the FAC fails to allege that she sent an appropriate QWR, Plaintiff fails to state an RESPA claim based on Defendant's alleged failure to respond to her QWR. *See Pettie v. Saxon Mortg. Servs.*, No. C08–5089 RBL, 2009 WL 1325947, at *2 (W.D. Wash. May 12, 2009) (homeowners' letter did not constitute a QWR under the RESPA because the homeowners failed to provide any statement of reasons for their dispute of a loan amount).[4] Accordingly, the motion to dismiss the First Cause of Action for violation of the RESPA is GRANTED. Plaintiff has leave to amend this Cause of Action.

    b.    <u>Fair Credit Reporting Act</u>

The Second Cause of Action for violation of the FCRA is premised on Defendant's failure to inform Plaintiff in writing about negative information Defendant reported to the CRAs and for Defendant's continued reporting of inaccurate account information to the CRAs upon receipt of Plaintiff's QWR. *FAC* ¶ 27. Plaintiff alleges a right to relief under the FCRA based on 15 U.S.C. §§ 1691n and 1681s-2(a). *FAC* ¶¶ 5, 27. Defendant argues Plaintiff cannot allege a violation of 15 U.S.C. § 1691s-2(a) because "[t]here is no private right of action against

---

[4] Defendant makes additional arguments as to why the RESPA claim fails. First, Defendant argues that it had no duty to respond to the QWR, because Defendant was no longer a servicer of the Loan when Plaintiff sent the QWR. *Mot.* 6:24-28. Second, Defendant argues that the letter it received from Plaintiff was not a valid QWR as it sought information outside the scope of loan servicing. *Mot.* 7:1-18. Because the Court finds that the RESPA claim is deficient on other grounds, the Court does not find it necessary to address these arguments at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8336 PSG (SSx) | Date | April 20, 2012 |
|---|---|---|---|
| Title | Gohar Cheshmejyan v. Bank of America | | |

'furnishers' [of loans] for reporting inaccurate information to consumer reporting agencies." *Mot.* 4:5-7.

Section 1681s–2 of the FCRA sets forth two categories of duties for entities who provide information to consumer reporting agencies. Subsection (a) details the duty "to provide accurate information," and includes a provision which requires a provider of information to notify any credit reporting agency of a dispute in the event the consumer disputes the completeness or accuracy of any information furnished by the provider. 15 U.S.C. § 1681s-2(a)(3). However, the duties described under subsection (a) are inapposite here because subsection (a) is enforceable only by federal or state agencies. *See* 15 U.S.C. § 1681s–2(d); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies.").

In contrast to subsection (a), subsection (b) of 15 U.S.C. § 1681s-2 does provide for a private right of action. *Gorman*, 584 F.3d at 1154. Subsection (b) provides that the provider of the disputed information shall: conduct an investigation with respect to the disputed information; review all relevant information provided by the CRA; report the results of its investigation to the CRA; and if the investigation reveals that the information is incomplete or inaccurate, report those results to all CRAs to which the provider furnished the information. *See* 15 U.S.C. § 1681s–2(b)(1). Most importantly, the duties set forth under subsection (b) are only triggered after the provider receives a notice of dispute from a CRA. A notice of dispute received directly from the consumer does not trigger the duties under subsection (b). *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002) (noting that Congress provided "a filtering mechanism in [subsection (b)] by making the disputatious consumer notify a CRA").

To the extent that Plaintiff seeks to pursue her FCRA claim under subsection (b), the claim fails because the FAC fails to allege that the Defendant received notice of a dispute from a credit bureau rather than from Plaintiff herself. *See FAC* ¶¶ 26-30. Accordingly, the motion to dismiss the Second Cause of Action for violation of the FCRA is GRANTED. Plaintiff has leave to amend this Cause of Action.

    c.    <u>California Consumer Credit Reporting Agencies Act</u>

The Third Cause of Action is based on a violation of Sections 1785.25(c) and 1785.26(b) of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §§ 1785, et seq. Section 1785.25(c) generally requires a furnisher of information to a CRA to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8336 PSG (SSx) | Date | April 20, 2012 |
|---|---|---|---|
| Title | Gohar Cheshmejyan v. Bank of America | | |

include a notice of dispute when a consumer has disputed the accuracy of the information. Section 1785.26(b) requires a furnisher who submits negative credit information to a CRA to notify the consumer affected. Defendant argues that these sections of the CCRAA are preempted by the FCRA. *Mot.* 8:8-15.

As a general rule, the FCRA does not preempt any state law. *See* 15 U.S.C. § 1681t(a); *Gorman*, 584 F.3d at 1167. However, there is an exception to the general rule for state laws concerning entities who furnish information to consumer reporting agencies. The FCRA explicitly preempts any state law relating to the responsibilities of persons who furnish information to consumer reporting agencies. *See* 15 U.S.C. § 1681t(b)(1)(F).

The Court concludes that the Third Cause of Action for violation of the CCRAA must fail as it is preempted by the FCRA. Because the allegations in the FAC pertaining to Plaintiff's CCRAA claim, *see FAC* ¶ 33, are based on the provision of information to a CRA, Plaintiff's claim is completely preempted by the FCRA. *See Buraye v. Equifax*, 625 F. Supp. 2d 894, 900 (C.D. Cal. 2008) (holding that state law claims implicating duties of furnishers of information under the FCRA are wholly preempted); *Ali v. Capital One*, 1:11-cv-02115-LJO-SKO, 2012 WL 260023, at *5 (E.D. Cal. Jan. 27, 2012) (same). Accordingly, the motion to dismiss the Third Cause of Action based on violations of Sections 1785.25(c) and 1785.26(b) of the CCRAA is GRANTED. As amendment would be futile, Plaintiff does not have leave to amend the alleged violations of Sections 1785.25(c) and 1785.26(b).

    d.   <u>Injunctive Relief</u>

Plaintiff prays for "[i]njunctive relief ordering Defendant to delete the reporting of the inaccurate reporting of the account(s) from the Credit Reporting Agencies." *FAC* 5:24-25. Defendant moves to dismiss Plaintiff's request for injunctive relief, arguing injunctive relief is not available for Plaintiff's FCRA and CCRAA claims. *Mot.* 9:22-23, 11:15-18. Defendant does not move to dismiss the prayer for injunctive relief as it pertains to the RESPA claim.

Plaintiff cannot obtain injunctive relief for her CCRAA claim as that claim is preempted by federal law and must be dismissed with prejudice. As for the availability of injunctive relief under the FCRA, courts have split on this issue. *Compare Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) (finding individual consumers cannot pursue injunctive relief under the FCRA), *citing Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263 (5th Cir. 2000), *with Andrews v. Trans Union Corp. Inc.,* 7 F. Supp. 2d 1056, 1084 (C.D. Cal. 1998)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8336 PSG (SSx) | Date | April 20, 2012 |
|---|---|---|---|
| Title | Gohar Cheshmejyan v. Bank of America | | |

(finding injunctive relief available), *rev'd in part on other grounds,* 225 F.3d 1063 (9th Cir. 2000). The Ninth Circuit has not addressed this matter. The Fifth Circuit in *Washington*, and the Northern District of California in *Howard*, noted that while the FCRA specifically provides for damages and attorney fees for private litigants, the FCRA is silent as to the availability of injunctive relief for private litigants. *Washington*, 199 F.3d at 268; *Howard*, 371 F. Supp. 2d at 1145. This silence contrasts starkly with the statute's explicit provision permitting the Federal Trade Commission to seek injunctive relief. *See* 15 U.S.C. § 1681s. The Court agrees with the holdings in *Washington* and *Howard* that the absence of a provision allowing injunctive relief to private litigants demonstrates that Congress "vested the power to obtain injunctive relief solely with the FTC." *Washington*, 199 F.3d at 268. Therefore, Defendant's motion to dismiss the prayer for injunctive relief under the FCRA and CCRAA claims is GRANTED, without leave to amend.

  e. Punitive Damages

Defendant moves to dismiss Plaintiff's prayer for punitive damages. *Mot.* 11:21-12:15. Plaintiff has made no argument in opposition to Defendant's request. The Court concludes that Plaintiff does not oppose Defendant's request in this regard. Accordingly, the motion to dismiss the punitive damages prayer is GRANTED, without leave to amend.

IV. Conclusion

For the foregoing reasons, the motion to dismiss is:

- GRANTED, with leave to amend, as to the First Cause of Action for violation of the RESPA;

- GRANTED, with leave to amend, as to the Second Cause of Action for violation of the FCRA;

- GRANTED, without leave to amend, as to the Third Cause of Action for violation of Sections 1785.25(c) and 1785.26(b) of the CCRAA;

- GRANTED, without leave to amend, as to Defendant's motion to dismiss the prayer for injunctive relief for the Second Cause of Action and Third Cause of Action; and

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-8336 PSG (SSx) | Date | April 20, 2012 |
|---|---|---|---|
| Title | Gohar Cheshmejyan v. Bank of America | | |

- GRANTED, without leave to amend, as to Defendant's motion to dismiss the prayer for punitive damages.

Plaintiff must file an amended complaint by **May 11, 2012**. Failure to do so will result in the **dismissal** of this case.

**IT IS SO ORDERED.**