Glenn J. Plattner, (California Bar No. 137454)
Neeru Jindal, (California Bar No. 235082)
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, California 90401
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
E-Mail: glenn.plattner@bryancave.com
jindaln@bryancave.com

Attorneys for Defendant
BANK OF AMERICA, N.A.
(erroneously sued as "Bank of America")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GOHAR CHESHMEJYAN,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA,<br><br>Defendant. | Case No. CV11-08336-PSG-SS<br><br>Hon. Philip S. Gutierrez<br><br>**DEFENDANT'S NOTICE OF RULING ON MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Complaint Filed: October 7, 2011<br><br>Trial Date: Not yet assigned |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 21, 2012, the Court, after taking Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") under submission and finding the matter appropriate for decision without oral argument, issued its Order **GRANTING** Defendant's Motion to Dismiss in its entirety for the reasons stated in the Order attached hereto as Exhibit "A." The Motion to Dismiss is granted *without* leave to amend as to both causes of action in the SAC.

Dated: August 22, 2012

Respectfully submitted,

**BRYAN CAVE LLP**
Glenn Plattner
Neeru Jindal

By: /s/ *Neeru Jindal*
Neeru Jindal
Attorneys for Defendant
BANK OF AMERICA, N.A.

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#24
JS-6 (lc)

CIVIL MINUTES - GENERAL

| Case No. | CV 11-8336 PSG (SSx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Cheshmejyan v. Bank of America, N.A. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

Not Present                                                      Not Present

**Proceedings:**   (In Chambers) Order GRANTING Motion to Dismiss

Before the Court is Defendant's motion to dismiss Plaintiff's Second Amended Complaint. Dkt. # 24. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the supporting and opposing papers, the Court GRANTS the motion to dismiss.

I.    Background

Plaintiff Gohar Cheshmejyan ("Plaintiff") brings this suit against Defendant Bank of America ("Defendant") in relation to a purchase money mortgage (the "Loan") furnished by Defendant. *SAC* ¶ 10. Plaintiff alleges Defendant made accounting errors in connection with the Loan, and reported these inaccuracies to several credit reporting agencies ("CRAs"), causing Plaintiff's credit score to suffer. *SAC* ¶ 12.

In January 2011, Plaintiff discovered inaccuracies in her Loan accounts.[1] *SAC* ¶ 11. On the same day, Plaintiff contacted Defendant with a "qualified written request" per the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), expressing a concern regarding the accounting and servicing of her Loan. *SAC* ¶ 12. Defendant failed to answer in a timely manner. *SAC* ¶ 14.

---

[1] For purposes of this motion to dismiss, the Court accepts Plaintiff's allegations as true. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#24
JS-6 (lc)

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-8336 PSG (SSx) | Date | August 21, 2012 |
| Title | Cheshmejyan v. Bank of America, N.A. | | |

On February 28, Plaintiff sent a follow up notice to Defendant. *SAC* ¶ 15. On March 1, Plaintiff submitted a "dispute of inaccuracies" to several CRAs and she requested an investigation and correction of her accounts. *SAC* ¶ 17. On March 28, Plaintiff sent a second follow up request to Defendant, but unlike her previous attempts, Plaintiff specifically requested an investigation and correction of her accounts. *SAC* ¶ 20. Ultimately, Defendant did not correct the inaccuracies in Plaintiff's accounts, and, as a result, the inaccuracies are still reflected in Plaintiff's credit records. *SAC* ¶ 24.

On December 16, 2011, Plaintiff filed a three-count FAC asserting causes of action for: (1) violation of the RESPA, 12 U.S.C. § 2605(e); (2) violation of the FCRA, 15 U.S.C. § 1681s-2(a); and (3) violation of the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785, et seq. *See* Dkt. # 13. Defendant moved to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. # 14. The Court granted Defendant's motion to dismiss, with leave to amend, as to the causes of action for (1) violation of the RESPA and (2) violation of the FCRA. *See* Dkt # 19. The Court granted Defendant's motion to dismiss, without leave to amend, as to the alleged violation of the California Consumer Credit Reporting Agencies Act. *Id.*

On May 11, 2012, Plaintiff filed a two-count SAC asserting causes of action for (1) violation of the RESPA, 12 U.S.C. § 2605(e), and (2) violation of the FCRA, 15 U.S.C. § 1681s-2(b). *See* Dkt. # 20. Defendant has moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. # 24.

II.   Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim for relief. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#24
JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-8336 PSG (SSx) | Date | August 21, 2012 |
| Title | Cheshmejyan v. Bank of America, N.A. | | |

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman*, 507 U.S. at 164. Based upon these allegations, the court must draw all possible inferences in favor of the plaintiff. *See Doe v. U.S.*, 419 F.3d 1058, 1062 (9th Cir. 2005).

Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.* at 678-79.

III.   Documents Outside the Pleadings

In ruling on a motion to dismiss, a court may consider certain documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, a court may consider: (a) documents that are properly submitted as part of the complaint; (b) documents upon which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) matters of public record of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* Defendant has submitted a request for judicial notice of: (1) a Grant Deed dated December 29, 2009, (2) a letter dated January 3, 2011, referenced in Plaintiff's SAC, (3) a letter dated January 6, 2011, responding to Plaintiff's January 3, 2011 letter, and (4) a letter dated March 7, 2011, responding to Plaintiff's February 28, 2011 letter. *See Req. for Judicial Not. in Supp. of Mot. to Dismiss Plaintiff's SAC,* ("*RJN*") Exs. A - D.

The Court does not need to consider Exs. A, C, and D, as these documents have no bearing on the instant motion. As for Ex. B, the letter dated January 3, 2011, referenced in Plaintiff's SAC, the Court finds it may consider this document for purposes of the motion to dismiss, because it is relied upon by the SAC and Plaintiff does not contest its authenticity. *See SAC* ¶¶ 12, 13.

IV.   Discussion

The Court will discuss the causes of action in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#24
JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8336 PSG (SSx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Cheshmejyan v. Bank of America, N.A. | | |

    a.    <u>Real Estate Settlement Procedures Act</u>

    Plaintiff's First Cause of Action asserts violations of the RESPA based on: (1) Defendant's failure to acknowledge or provide a proper written response to Plaintiff's qualified written request ("QWR"); and (2) Defendant's failure to cease reporting negative credit information to CRAs while Plaintiff's qualified written request remained unresolved. *SAC* ¶ 26.[2]

    The RESPA places a duty on loan servicers to respond to borrower inquiries relating to information about the borrower's loan. 12 U.S.C. § 2605(e). This duty is triggered when the servicer receives a QWR from a borrower. 12 U.S.C. § 2605(e)(1)(A). Under the RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). Among other things, a QWR must include a "statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provide[] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). The statute defines "loan servicer" as a person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." 12 U.S.C. § 2605(i)(3). After receiving a QWR, a servicer must acknowledge its receipt within twenty days and respond to the inquiry within sixty days. 12 U.S.C. § 2605(e)(1), (2). In order to state a claim under the RESPA, a plaintiff must: (1) allege a breach of the RESPA duties; and (2) allege that the breach resulted in actual damages. *See Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010)(citations omitted).

    Plaintiff fails to allege facts showing that she submitted a proper QWR. As explained in the Court's April 20, 2012 Order, *see* Dkt. # 19, Plaintiff's FAC was deficient because a QWR must include a statement of the reasons why the borrower believes the account was in error. *See* 12 U.S.C. § 2605(e)(1)(B)(ii). Plaintiff's SAC fails to remedy the deficiency in the FAC. The SAC alleges that Plaintiff's QWR contained "a statement why Plaintiff believed the accounts were in error." *SAC* ¶ 12. However, the January 3, 2011 letter reveals only that Plaintiff "determined that multiple inaccuracies had occurred that led to the foreclosure of the property" and was "concerned with the accounting and servicing of the loan." *See RJN*, Ex. B. This

---

[2] Plaintiff also argues that Defendant violated the RESPA by failing to provide Plaintiff with clear, complete, and accurate disclosures and certain loan information booklets. *SAC* ¶ 26(a), (b). Plaintiff cites to no authority in her SAC or Opposition that demonstrates these are legal requirements. As such, the Court will not address these allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#24
JS-6 (lc)

CIVIL MINUTES - GENERAL

| Case No. | CV 11-8336 PSG (SSx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Cheshmejyan v. Bank of America, N.A. | | |

statement is virtually identical to what Plaintiff pled in the deficient FAC. ("[T]hrough review of her records . . . Plaintiff found certain inaccuracies and concluded that accounting errors had occurred leading to the shortsale of her home."). *FAC* ¶ 12. Because Plaintiff fails to allege that she sent an appropriate QWR, Plaintiff fails to state a RESPA claim based on Defendant's alleged failure to respond to her QWR. *See Pettie v. Saxon Mortg. Servs.*, No. C08–5089 RBL, 2009 WL 1325947, at *2 (W.D. Wash. May 12, 2009) ("Allowing borrowers to allege error without justification for their belief for such error would permit frivolous requests for document production at the expense of loan and servicing companies. Because Plaintiffs failed to provide any statement of reasons for their dispute of the loan amount, their Inquiry Letter does not constitute a qualified written request under RESPA.").

Defendant also argues that it had no duty to respond to the QWR because Defendant was no longer a servicer of the Loan when Plaintiff sent the QWR, and that Plaintiff failed to sufficiently allege damages. Upon finding that Plaintiff has failed to remedy the failure to state a RESPA claim, the Court does not find it necessary to address these arguments.

Accordingly, the motion to dismiss the First Cause of Action for violation of the RESPA is GRANTED.

b. <u>Fair Credit Reporting Act</u>

The Second Cause of Action for violation of the FCRA is premised on Defendant's failure "to conduct a proper investigation of disputed information upon receipt of Plaintiff's dispute . . . [;] to delete or permanently block the reporting of the items of information (the accounts) disputed by Plaintiff . . . [; and] to take proper action of verification, correction, deletion, or permanent block [sic] of the information disputed by Plaintiff . . . " *SAC* ¶ 30 (b) - (d).[3] Plaintiff alleges a right to relief under the FCRA based on 15 U.S.C. §§ 1691n, 1691o and 1681s-2(b). *SAC* ¶¶ 5, 6.

Subsection (b) provides that the provider of the disputed information shall: conduct an investigation with respect to the disputed information; review all relevant information provided

---

[3] Plaintiff also alleges that Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information reported to credit agencies. Plaintiff cites to no authority in her SAC or Opposition that demonstrates this is a legal requirement. As such, the Court will not address this allegation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#24
JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8336 PSG (SSx) | Date | August 21, 2012 |
|---|---|---|---|
| Title | Cheshmejyan v. Bank of America, N.A. | | |

by the CRA; report the results of its investigation to the CRA; and if the investigation reveals that the information is incomplete or inaccurate, report those results to all CRAs to which the provider furnished the information. *See* 15 U.S.C. § 1681s–2(b)(1). Subsection (b) of 15 U.S.C. § 1681s-2 provides for a private right of action. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

Plaintiff admits that around mid-March 2011, the CRAs informed her that "Defendant had already completed investigation of [her] accounts and verified them to the CRAs as accurate." *Mot.* at 8:4-9; *SAC* ¶ 19. Because a "furnisher" under the FCRA can only be liable where it fails to respond to a notice of a consumer dispute from a CRA, by Plaintiff's own admission, Defendant cannot be liable. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)(holding that Congress set up 15 U.S.C. § 1681s–2(b) as a "filtering mechanism" where a disputatious consumer notifies a CRA that in turns notifies the furnisher, and only a nonresponsive furnisher may be privately sued); *Arikat v. JP Morgan Chase & Co.*, 430 F. Supp. 2d 1013, 1023-24 (N.D. Cal. 2006)("A furnisher is liable under the FCRA only if it does not respond to a formal notice of consumer dispute from a consumer reporting agency.").[4]

Accordingly, the motion to dismiss the Second Cause of Action for violation of the FCRA is GRANTED.

c.   Leave to Amend

"Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires, but a district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [or] futility of amendment.'" *Washington State Republican Party v. Washington State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (citations omitted).

The Court concludes that amendment would be futile. Plaintiff has been previously

---

[4] Defendant also argues that Plaintiff has not remedied the pleading by stating that Defendant received notice of the dispute from a credit bureau. Having reached its conclusion based on Plaintiff's admission that Defendant responded to the notice of a consumer dispute from the CRA, it is unnecessary to address this argument.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#24
JS-6 (lc)

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 11-8336 PSG (SSx) | Date | August 21, 2012 |
| Title | Cheshmejyan v. Bank of America, N.A. | | |

afforded the opportunity to amend her Complaint and has not cured the deficiencies in the FAC as to the RESPA cause of action. Moreover, if Plaintiff were to amend her SAC to remedy the problem identified as to the FCRA cause of action, such an amendment would be in bad faith.

IV.  Conclusion

     For the foregoing reasons, the motion to dismiss is GRANTED, without leave to amend as to both causes of action.

**IT IS SO ORDERED.**

# **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On August 23, 2012, I served the foregoing document, described as: DEFENDANT'S NOTICE OF RULING ON MOTION TO DISMISS SECOND AMENDED COMPLAINT, on each interested party in this action, as follows:

Arshak Bartoumian
Omnia Legal, Inc.
118 W. Stocker Street
Glendale, CA 91202
818-523-9339 – Office
818-394-6452 – Fax

☐ (VIA MAIL) I placed a true copy (or original) of the foregoing document in a sealed envelope addressed to each interested party as set forth above. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California. I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☐ (VIA UPS OVERNIGHT) I deposited in a box or other facility maintained by FedEx, an express carrier service, or delivered to a courier or driver authorized by said express carrier service to receive documents, a true copy of the foregoing document, in an envelope designated by said express service carrier, with delivery fees paid or provided for.

☒ (BY CM/ECF) The document was served via The United States District Court –Central District's CM/ECF electronic transfer system which generates a Notice of Electronic Filing (NEF) upon the parties, the assigned judge and any registered user in the case. Each transmission was reported as complete and without error.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 23, 2012 at Santa Monica, California.

/s/ Alicia Moore
Alicia Moore